UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NOXGEAR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DEXSCOUT aka SHENZHENSHI GUXIANG ZHINENG SHEBEI YOUXIAN ZEREN GONGSI, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 8)** <br><br> Case No. 2:26-cv-00159 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Noxgear, LLC, brought this patent infringement action against DexScout aka Shenzhenshi Guxiang Zhineng Shebei Youxian Zeren Gongsi, an entity based in China.[1]  Noxgear moves for leave to effect service by email.[2]  Because Noxgear fails to provide sufficient evidence linking DexScout to the email address proposed for service, Noxgear's motion is denied without prejudice.

LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation, partnership, or other unincorporated association may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except

---

[1] (First Am. Compl. ¶¶ 1–2, 4, Doc. No. 6.)

[2] (Mot. for Alternative Service Under Rule 4(f)(3) (Mot.), Doc. No. 8.)

personal delivery."[3]  Rule 4(f) governs service of an individual outside the United States

and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[4]

Rule 4(f) does not create a hierarchy of preferred methods of service, and parties

are not required to comply with Rule 4(f)(1) or (2) before seeking service under

Rule 4(f)(3).[5]  The relevant inquiry under Rule 4(f)(3) is whether the requested method

of service is prohibited by international agreement, including the Hague Convention.[6]  A

method of service authorized under Rule 4(f)(3) must also comport with constitutional

---

[3] Fed. R. Civ. P. 4(h)(2).

[4] Fed. R. Civ. P. 4(f).

[5] *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[6] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[7]

ANALYSIS

To determine whether Noxgear's proposed method of service is permitted under Rule 4(f)(3), the court must evaluate whether it is prohibited by international agreement and whether it comports with traditional notions of due process.  As explained below, the first requirement is met, but Noxgear provides insufficient evidence supporting the second requirement.

First, service by email is not prohibited by international agreement.  China is a signatory to the Hague Convention.[8]  The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted it under Rule 4(f)(3).[9]  Thus, the first requirement of Rule 4(f)(3) is met.

---

[7] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017).

[8] *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/B99R-65TG].

[9] *See, e.g.*, *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. Apr. 17, 2007) (unpublished).  China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object."  20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn [https://perma.cc/94RU-S8FG] (translation of China's declaration of opposition to Article 10).  Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it is not.  *See Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10; *see also Deseret Book Co. v. Nanjing*

3

Second, to comport with due process, Noxgear's proposed service method must be "reasonably calculated to provide notice and an opportunity to respond."[10] As a general matter, courts have recognized service of process by email meets constitutional due process requirements.[11] However, Noxgear fails to demonstrate service via the specific email address it proposes is reasonably calculated to provide DexScout with notice of this action. This is because Noxgear fails to provide sufficient evidence linking DexScout to this email address.

As an initial matter, Noxgear provides no affidavit or other evidence supporting its motion. Instead, Noxgear relies on the amended complaint and attached exhibits. In the amended complaint, Noxgear alleges DexScout has represented to the United States Patent and Trademark Office (PTO) that its owner is Zhexin "Colin" Lin, citing Exhibit C to the complaint.[12] But Exhibit C contains a PTO filing identifying DexScout's

---

*Lian Yidu Trading Co., Ltd.*, No. 2:24-cv-00961, 2025 U.S. Dist. LEXIS 10690, at *8–9 (D. Utah Jan. 21, 2025) (unpublished) (collecting cases and finding email service not prohibited even though China objected to Article 10 of the Hague Convention).

[10] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017).

[11] *See, e.g.*, *DoTerra Holdings v. Zkouty,* No. 2:22-cv-00529, 2023 U.S. Dist. LEXIS 163849, at *4 (D. Utah Sept. 13, 2023) (unpublished) (noting "service by email is likely the most effective way to notify Defendants of this case"); *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574, 2021 U.S. Dist. LEXIS 266076, at *20 (D. Utah, Nov. 22, 2021) (unpublished) ("In this case, email service clearly comports with constitutional notions of due process."); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

[12] (First Am. Compl. ¶ 6, Doc. No. 6.)

owner only as Zhexin Lin—with no reference to the name "Colin."[13]  Noxgear then

alleges "Zhexin 'Colin' Lin serves as the FCC liaison for the Accused Products on behalf

of another entity: Huizhou Huiyang Yajiali Electronics Co., Ltd.," citing Exhibit D to the

complaint.[14]  But Exhibit D is signed only by "Colin Lin," identified as the Huizhou

entity's marketing manager.[15]  There is no apparent reference in this document to

Zhexin Lin, the accused products, or DexScout.  In other words, nothing in Exhibits C or

D establishes Zhexin Lin is the same person as Colin Lin, nor do these documents

suggest any link between Colin Lin and DexScout.

Noxgear next alleges, upon information and belief, that "DexScout and its owner

use the email address 13246657074@163.com in connection with the business selling

the accused products on Amazon.com and in correspondence with the [FCC]

regard[ing] the Accused Products."[16]  In support of this allegation, Noxgear provides a

screenshot with the heading "Huizhou Huiyang Yajiali Electronics Co., Ltd FCC

Registration Number."[17]  This screenshot lists Colin Lin as the Huizhou entity's

marketing manager, provides an email address for him, and is dated June 28, 2020.[18]

---

[13] (Ex. C to First Am. Compl., Doc. No. 6-3.)

[14] (First Am. Compl. ¶ 7, Doc. No. 6.)

[15] (Ex. D. to First Am. Compl., Doc. No. 6-4.)

[16] (First Am. Compl. ¶ 8, Doc. No. 6.)

[17] (*Id.* at 3.)

[18] (*Id.*)

Noxgear seeks to serve DexScout at the email address listed in this screenshot.[19]  But this screenshot contains no reference to DexScout, and nothing in it establishes Colin Lin is the same person as Zhexin Lin (DexScout's owner according to the PTO filing in Exhibit C).  Further, although Noxgear states the FCC registration relates to the accused products, there is no indication of this from the screenshot itself—and Noxgear provides no other evidence supporting this assertion.  Finally, Noxgear offers no evidence the email address from this 2020 registration remains valid six years later.

In sum, Noxgear fails to present evidence that DexScout's owner, Zhexin Lin, is the same person as Colin Lin, or that Colin Lin's email address from the 2020 FCC registration is a reliable means of apprising DexScout of this action.  Noxgear may well be able to present such evidence, but it has not done so.  Accordingly, Noxgear has not shown that service via the proposed email address is "reasonably calculated to provide notice and an opportunity to respond."[20]  For this reason, Noxgear's motion for alternative service is denied without prejudice.

---

[19] (Mot. 4, Doc. No. 8.)

[20] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017).

## CONCLUSION

Noxgear's motion for alternative service[21] is denied without prejudice.

DATED this 5th day of May, 2026.

BY THE COURT:

*Daphne A. Oberg*
_____
Daphne A. Oberg
United States Magistrate Judge

---

[21] (Doc. No. 8.)